McFarland, J.,
delivered the opinion of the court:
A tract of land which the defendant had purchased from the complainant was sold under a decree in this cause, for the unpaid' purchase money, upon a credit of eight and twelve months without the equity of redemption. At the *266 sale, Walker and Bateman became tbe purchasers, at tbe price of $5,065. Before tbe confirmation of this sale tbe defendant applied by petition to have tbe biddings opened, he having procured one G*. M. Baber to offer to* advance tbe bid to tbe sum of $7,000; be presented a bond and security by Baber, that be would comply with tbe terms of tbe sale.
Tbe petition presents no ground for opening tbe biddings except tbe advance bid, and tbe fact that tbe defendant owns no other land, and is unable to raise tbe money to* pay tbe debt; that tbe advance will leave a surplus sufficient to purchase the defendant a home. Tbe application was refused and tbe petiton dismissed. Tbe defendant haá appealed.
This question has been before tbe court in a number of cases. The rule of tbe English courts is, that a sale of this character is only an offer to purchase, and is not a sale until confirmed by tbe court; and that an offer to advance tbe bid before confirmation was sufficient to open tbe bidding, if tbe advance be a sufficient amount. In many of tbe American courts tbe rule has been that a master’s sale is a valid and binding contract as soon as tbe hammer is down. 4 Kent, 192. This court seems not to have followed strictly either rule, but in tbe language of Judge McKinney, in Childress v. Hurt, 2 Swan, 490: “Tbe course of decision in our courts has conformed rather to tbe English practice. At all events they fully recognize tbe English rule to this extent, that tbe master’s sale is only to be regarded as an offer or bid, and is not a valid contract until confirmed by tbe court. . See [Childress v. Hurt], 2 Swan, 490; [Morton v. Sloan], 11 Hum., 278; Wood v. Morgan, 4 Hum., 371. It is upon this assumption that in cases where tbe land is sold subject to redemption, tbe time begins to run from tbe confirmation of tbe sale. Also upon tbe same principle, before confirmation, tbe purchaser is not entitled to a conveyance or to possession, neither is be liable to any *267 trespass or injury by fire or otherwise, which may happen tj the estate in the interim. 2 Swan, 490, and authorities there cited.”
In several cases in this state, it is said that mere advance of bid is not sufficient to open the biddings; that something more is required; some additional circumstance that makes it inequitable to confirm the sale; some reason why the property did not bring its value at the sale. [Houston v. Aycock], 5 Sneed, 406; [Owen v. Owen], 5 Hum., 352; [Donaldson v. Young], 7 Hum., 266; [McMinn v. Phipps], 3 Sneed, 200. And this doctrine was carried to the extent of reversing the decree of the chancellor, opening the biddings upon an advance of 20 per cent, alone, in the case of Johnson v. Quarles, 4 Cold., 615.
In many of these cases it will he found that the biddings were opened when the other circumstances relied upon were very slight, and the real and substantial ground was the advance bid.. In a recent case not yet reported, decided by this court at the September term, 1871, at Knoxville, William L. Click, administrator, v. Caroline Burris et al. [since reported in 6 Heis., 539], the authorities are reviewed, and the English rule adopted. It is important on the one hand to sustain as far as practicable the sales of the master, and protect the interest and rights of the purchaser, who, when his hid is accepted, must hold his funds ready to meet his engagement, yet the interest of the owner must not be overlooked, as is said in the case of Childress v. Hurt, 2 Swan [490], The principle being admitted that a sale by the master is not complete or binding on the purchaser till confirmation of the report, the conclusion is easily arrived at that it is equally the object and duty of the court to see not merely that the sale is properly conducted, but also that the property shall be sold for the best price that can be had. It is allowable to open the biddings alone upon the ground of the offer of a larger price, if the advance be considerable, *268 aj to furnish an inducement under all the circumstances to a resale of the property.
In this and other cases, it is held that the amount of the advance necessary is a matter left to the discretion of the court upon the facts of each case.
An advance of ten per cent, in cases where the property sold for a small sum, might not furnish as strong ground as ir other cases, where the ten per cent, would amount to a large sum. In this case the advance was nearly forty per cent., amounting to nearly two' thousand dollars. We cannot see why this does not furnish as strong ground for relief as other cases where the advance was of a less amount coupled with some slight additional circumstance.
The bond given by the bidder in this case was not in strict accordance with the practice, but the question was not, we presume, and should [not] have been disposed of upon this ground, but the court should have directed a proper bond to be given. Here, by the advance bid offered, nearly two thousand dollars is saved to the unfortunate debtor, without any serious or material injury to the purchaser or other party. The decree will be reversed, and a decree entered opening and keeping open the biddings for thirty days, commencing at the price bid by Baber, $7,000, of which the parties will be notified by the clerk, and public notice given.
The costs of this court and of the application to' open the bidding will be paid by McNickle, the defendant, out of the proceeds of the sale.